IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: 7:21-cr-00048 |
| | : | |
| KEYUNTRAN TAYLOR, | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

**ORDER**

Before the Court is Defendant's Motion to Suppress Evidence. (Doc. 321.) Therein, Defendant, Keyuntran Taylor, requests that this Court suppress evidence retrieved from an allegedly warrantless search of a cellphone allegedly belonging to Defendant Keyuntran Taylor. (*Id*.) The Government filed a Response in Opposition on June 21, 2022. (Doc. 333.) Pursuant to the Court's June 27, 2022 Order (Doc. 334), Defendant had until July 5, 2022 to file a reply brief. As Defendant has not filed a reply brief to date, this issue is now ripe for review. The Court notes that it has held no evidentiary hearing to date and therefore is relying solely on the representations of the Parties in their briefs.

On August 3, 2021, Defendant and a co-defendant were arrested during the course of an alleged attempted drug transaction. (Doc. 331-1.) At the time of his arrest, Defendant had a cellular telephone in his possession. (Doc. 331-1). The Tift County Sheriff's Department subsequently sought and obtained a search warrant that authorized the search of the cellular telephone in question. (*Id*.). However, per the Defendant's Counsel, only the request for the warrant was produced to the Defendant during discovery, without attachment of the actual warrant itself. (Docs. 321, 333.) Accordingly, the Defendant filed the present Motion to

Suppress Evidence obtained from an allegedly warrantless search of the cellphone. (Doc. 321.) In its Response, the Government contends that Defendant's motion should be denied as the search was conducted pursuant to a lawful search warrant that the Government inadvertently failed to provide to the Defendant in the initial discovery. (Docs. 333; 333-1.) Attached to the Government's Response was a copy of the missing search warrant. (*Id.*) Defendant was ordered on June 27, 2022 (Doc. 334) to file a reply brief, in which he could contest the Government's position. Defendant did not contest the validity of the search warrant.

Accordingly, the Government having produced a copy of the search warrant which authorized a search of the cellular telephone (Doc. 333-1), the Court finds that no warrantless search occurred. As no warrantless search occurred, and Defendant makes no other allegation as grounds for suppression in his motion, Defendant's Motion to Suppress Evidence (Doc. 321) is **DENIED** and the Court finds no need to hold a hearing on Defendant's motion.

**SO ORDERED**, this 11th day of July, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**